MARTIN et ux. v. HUSTON.   (No. 1247.)

(Court of Civil Appeals of Texas. Beaumont. May 26, 1925.)

Alteration of instruments ⬅20—When due date of note fraudulently changed by maker at execution, he could not plead limitations.

If due date of vendor's lien note was changed by maker without payee's knowledge, at time he executed note for fraudulent purpose of deceiving holder of note as to due date, with intent to plead statute of limitations, he could not take advantage of his own wrong by pleading limitations to action brought within four years after due date as so changed.

Appeal from District Court, Anderson County; Ben F. Dent, Judge.

Action by Edgar Huston against Joe Martin and his wife and E. G. Bizzell on a vendor's note and for foreclosure of lien. From a judgment in favor of plaintiff, defendants Martin appeal. Affirmed.

E. V. Swift, of Palestine, for appellants.
J. D. Pickett, of Palestine, for appellee.

O'QUINN, J. On October 31, 1923, Edgar Huston, plaintiff below, filed suit in the district court of Anderson county, Tex., against E. G. Bizzell and Joe Martin and his wife, Ethel Martin, on a vendor's note in the sum of $260, alleging that defendants Joe Martin and his wife, Ethel Martin, on August 10, 1919, executed and delivered said note to defendant E. G. Bizzell, which, by mesne conveyances, became the property of the plaintiff, and prayed for judgment, and for foreclosure of the lien.

Bizzell filed no answer. Martin and wife answered, pleading a general denial and the two and four years' statutes of limitation. They specially answered that the note was due and payable on October 15, 1919, and that the deed conveying the property, in part payment for which the note was given, recited that said note was due and, payable October 15, 1919, and specially pleaded the four years' statute of limitation against said note and lien. They further answered that if the note showed to be due October 15, 1920, as alleged by plaintiff, the date in said note had been changed, which change was without their knowledge or consent, and that they had not approved or in any manner ratified said change.

In reply to this answer, plaintiff filed his supplemental petition, setting forth various matters in answer to said defendants' answer, as to the date when said note was due and payable, and as to their pleas of limitation, among which plaintiff alleged that the note was drawn up on a blank form, the blank spaces in said form being written in with typewriter; that the due date had been written in, showing October 15, 1919, as the due date, but that same had been canceled by drawing with a pen and ink a line through the figures 1919, and interlining above the figures 1920; that said change in the due date of said note was made by defendant Joe Martin at the time that he and his wife, Ethel Martin, signed the note; that said change was made by Joe Martin with the fraudulent intent of deceiving the holder of the note as to when same was due and payable, intending to postpone and delay the payment of said note until four years should elapse from the date the note was due, as shown in the deed, and then set up limitation as a defense to said note and said lien, and thus to fraudulently defeat the payment of said note and foreclosure of said lien; that defendants Martin and wife withheld the deed from record, so that the variance in the date of maturity as specified in the note and as recited in the deed might not be discovered; that the alteration of the date in said note by the said Joe Martin was with the knowledge and consent and approval of his said wife; that, for the period of two years prior to the filing of the suit, plaintiff had been pressing defendants for payment of the note, and that they had resorted to subterfuges, delays, and promises of payment, in order to postpone payment of the note, intending all the time to plead limitation against its payment; that plaintiff had no knowledge of the variance in said dates until after this suit was filed; and that plaintiff purchased said note at the request of the defendant Joe Martin, and upon the representation of said Martin that said note was legal, valid, and just, and would be paid by said defendants, and prayed for judgment against defendants E. G. Bizzell and Joe Martin for the amount of the note, interest, and attorney's fees, but did not ask for judgment for any part of the debt against Mrs. Martin, and prayed for foreclosure of the lien against all defendants.

The case was tried before the court without a jury, and judgment rendered in favor of plaintiff against Bizzell and Joe Martin for the sum of $324.34; that being the amount due as principal, interest, and attorney's fee, and for the foreclosure of the lien against all the defendants. From this judgment the Martins have brought this appeal.

As we view the record, there is but one question that need be discussed. It is without dispute that the note as originally drawn was to become due and payable on October 15, 1919. The change in the note made it to become due and payable October 15, 1920. If this change was made by some one after the execution of the note by the defendants and its delivery to E. G. Bizzell, and without the knowledge and consent of the Martins, then the note was barred by the four years' statute of limitations. But if, as found by the court, the change in the due date of the note from October 15, 1919, to October 15, 1920, was made by defendant Joe Martin, at the time he executed the note, without the knowledge of Bizzell, the payee, and for the fraudulent purpose of deceiving the holder of the note as to when it became due, with the intent to plead limitation against the payment of the note, and thus to fraudulently defeat its collection, then the plea of limitation would not be effective, as the defendants could not take advantage of their own wrong.

We think there is sufficient evidence in the record to support the findings of the court, and therefore the judgment is affirmed.